FILED

2020 Jan-28  AM 09:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| vs. | ) | |
| | ) | |
| HONDA MANUFACTURING OF ALABAMA, LLC, | ) | |
| and SECURITY ENGINEERS, INC., | ) | |
| | | |
| Defendants. | | |

---

## **COMPLAINT**

## I. **JURISDICTION**

1.  This is a suit for relief from race discrimination instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* ("Title VII") and 42 U.S.C. §1981 ("§1981").   The jurisdiction of this Court is based on 28 U.S.C. §§1331 and 1343(4).

2.   Plaintiff Antonio Campbell timely filed his charges of discrimination against defendants Honda Manufacturing of Alabama, LLC and Security Engineers, Inc. with the Equal Employment Opportunity Commission within 180 days after the last act of discriminatory treatment.  Plaintiff has further filed this complaint within 90 days after receipt of his right-to-sue notices.

## II. **PARTIES**

3.   Plaintiff Antonio Campbell ("Plaintiff") is a United States citizen over the age of nineteen and a resident of Chilton County, Alabama.

4.   Defendant Honda Manufacturing of Alabama, LLC ("Honda") is an Alabama limited liability company and was an "employer" under Title VII during the events alleged in this case.

5.   Defendant Security Engineers, Inc. ("Security Engineers") is a corporation based in Alabama and was an "employer" under Title VII during the events alleged in this case. Honda and Security Engineers are collectively referred to herein as "Defendants."

## III.  **FACTS**

6.  Plaintiff is African-American.

7.  On or about June 26, 2019, Plaintiff went to the Honda plant in Lincoln, Alabama.

8.  Plaintiff had been hired by a contractor to work at the Honda plant on a job that was to last a month or so.

9.  Security Engineers provided security services for Honda there.

10.   Plaintiff and Scottie Hamilton, a Caucasian co-worker from the same contractor, went through Honda's safety training and took a safety test and drug test.

2

11.  Plaintiff and Hamilton passed both and were waiting to get their badges to be allowed entry into the plant to begin working.

12.  There were about 24 people in the room going through the same process.

13.  Plaintiff was the only African-American, the rest being Caucasian.

14.  Plaintiff had been given #13 and Hamilton #12.

15.  Plaintiff and Hamilton stepped outside the building.

16.  Plaintiff went outside to call home to check on a sick child.

17.  Hamilton was outside for about five minutes and went back in.

18.  Plaintiff went back in about three minutes after Hamilton.

19.  Walter Smith, a Caucasian security guard employed by Security Engineers, had been sitting by the door Smith and Hamilton had gone through on the way out and back in.

20.  When Plaintiff walked back in, Smith asked him what he was doing.

21.  Plaintiff told Smith that he had finished his testing and was waiting on his badge.

22.  Smith pointed to a sign on the wall and asked Plaintiff if he could read.

23.  The sign said you could not leave during testing.

24.  Plaintiff told Smith that he had finished his testing and had an emergency situation with a sick child at home and had to call and check on the child.

25.  Smith told Plaintiff that he should make him leave, but that instead he was going to make Plaintiff be the last one to go through.

26.  Plaintiff went back to the table he had been sitting at and sat down.

27.  Smith did not make Hamilton go to the end of the line.

28.  Rather, Smith allowed Hamilton to get his badge when his number was called.

29.  A woman came out of the room where they gave the badges and called for #13, Plaintiff's number.

30.  Plaintiff got up and walked toward her.

31.  Smith came over and said that Plaintiff had to go to the end of the line for going outside.

32.  The woman called for #14.

33.  Plaintiff gave his paperwork to Smith and told him that there apparently was a problem and that he did not have time for "this shit."

34.  Plaintiff walked back out the door.

35.  Josh Smitksy, the supervisor for Plaintiff's contractor, was there.

36.  Plaintiff told Smitsky what had happened, and Smitsky went inside the building.

37.  Smitsky returned with Smith and asked him what happened.

4

38.   Smith said that Plaintiff had to go to the end of the line because he had gone outside.

39.   Smitsky said that Plaintiff had had a medical emergency at home and had to make a call.

40.   Smith said that Plaintiff was banned from the premises and had to leave.

41.   Smitsky asked if that meant that Plaintiff was permanently banned and Smith said yes.

42.   Plaintiff left the premises and was allowed to return.

43.   Honda in fact permanently banned Plaintiff from its premises as a result of this incident.

## IV.  CAUSES OF ACTION

### COUNT I

### TITLE VII

44.   Paragraphs 1-43 above are incorporated by reference.

45.   Defendants violated Plaintiff's rights under Title VII by terminating his employment at the Honda plant (or blocking his hire, whichever the case may be) and banning him from future employment there because of his race.

46.  Defendants were covered employers under Title VII as joint employers of Plaintiff with his main employer for purposes of the law and/or because they controlled Plaintiff's access to employment at the Honda plant.

47.  To the extent Security Engineers operated independently of Honda, Honda is labile for Security Engineers' unlawful actions because (a) Security Engineers was acting as agent for Honda and/or (b) Honda ratified Security Engineers' unlawful actions.

48.  Plaintiff's race was a motivating factor in the employment decisions set forth above.

49.  As a result of the above described discriminatory acts, Plaintiff has been made to suffer lost wages and benefits, as well as emotional distress and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i)  That the Court issue an Order declaring that Defendants' acts as described herein violated Title VII;

(ii)  That the Court enter an Order requiring Defendants to make Plaintiff whole by providing back-pay and other monetary losses, removing the ban against Plaintiff

working at the Honda plant (or, alternatively, providing front-pay), and ordering Defendants to pay compensatory and punitive damages as a jury may assess;

(iii)   That the Court grant Plaintiff a permanent injunction enjoining Defendants, and their agents, employees, successors, and those acting in concert with Defendants from further violation of Plaintiff's rights under Title VII;

(iv) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate him for any adverse tax consequences as a result of a judgment in his favor; and

(v)   That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## COUNT II

### §1981

50.   Paragraphs 1-43 above are incorporated by reference.

51.   Defendants violated Plaintiff's rights under §1981 by terminating his employment at the Honda plant (or blocking his hire, whichever the case may be) and banning him from future employment there because of his race.

7

52. Defendants were covered under §1981 as joint employers of Plaintiff with his main employer for purposes of the law and/or because they controlled Plaintiff's access to employment at the Honda plant.

53. To the extent Security Engineers operated independently of Honda, Honda is labile for Security Engineers' unlawful actions because (a) Security Engineers was acting as agent for Honda and/or (b) Honda ratified Security Engineers' unlawful actions.

54. As a result of the above described discriminatory acts, Plaintiff has been made to suffer lost wages and benefits, as well as emotional distress and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendants' acts as described herein violated §1981;

(ii) That the Court enter an Order requiring Defendants to make Plaintiff whole by providing back-pay and other monetary losses, removing the ban against Plaintiff working at the Honda plant (or, alternatively, providing front-pay), and ordering Defendants to pay compensatory and punitive damages as a jury may assess;

(iii)    That the Court grant Plaintiff a permanent injunction enjoining Defendants, and their agents, employees, successors, and those acting in concert with Defendants from further violation of Plaintiff's rights under §1981;

(iv) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate him for any adverse tax consequences as a result of a judgment in his favor; and

(v)    That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

Respectfully submitted,

s/ Adam M. Porter
Adam M. Porter
Attorney for Plaintiff
Adam M. Porter, LLC
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203
Phone: (205) 322-8999
Facsimile: (205) 402-4619
Email: adam@adamporterlaw.com

Plaintiff requests trial by struck jury.

s/ Adam M. Porter
Attorney for Plaintiff

9